UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHELLE COWLING,<br>Plaintiff,<br>v.<br>FRANK BISIGNANO, Commissioner of Social Security,<br>Defendant. | Case No. 2:25-cv-2109-JDP (SS)<br><br>ORDER |

Plaintiff challenges the final decision of the Commissioner of Social Security ("Commissioner") denying her application for Supplemental Security Benefits Income ("SSI") under Title XVI of the Social Security Act. Plaintiff has moved for summary judgment, ECF No. 15, and the Commissioner has moved to remand, ECF No. 19. The only remaining dispute between the parties is whether the same ALJ should be assigned to plaintiff's case upon remand. For the reasons discussed below, the court will remand for further proceedings before a new ALJ.

**Background**

Plaintiff previously applied for SSI on April 22, 2016, alleging disability since December 31, 2015. AR 1487-48. Her claim was denied both initially and upon reconsideration. Plaintiff sought review of the denial with the Appeals Council, and it vacated the decision and remanded the case for further proceedings. AR 146. Upon remand, ALJ Vincent A. Misenti was assigned to

review the matter. AR 162. ALJ Misenti found plaintiff was not disabled in a decision that issued April 1, 2020. AR 162. Plaintiff did not seek judicial review of ALJ Misenti's decision. Plaintiff again applied for SSI on April 27, 2022. AR 18. Her claim was denied both initially and upon reconsideration. AR 206. ALJ Misenti was assigned to hear plaintiff's case, and he found that plaintiff was not disabled in a decision that issued September 20, 2024. AR 18-34.

Plaintiff filed this action on July 28, 2025 for judicial review of ALJ Misenti's September 2024 decision pursuant to 42 U.S.C. §§ 405(g), 1383(c)(3). Plaintiff filed a motion for summary judgment, arguing that "(i) the ALJ rejecting any part of any medical opinion that conflicted with the ALJ's own residual functional capacity (RFC) formulation; (ii) the ALJ mischaracterizing evidence to manufacture grounds to reject Plaintiff's testimony; (iii) the ALJ making internally inconsistent findings as to Plaintiff's residual functional capacity; and (iv) the ALJ refusing to consider Plaintiff's history of pulmonary embolisms as a severe impairment." ECF No. 15. In response, the Commissioner filed a motion to remand. ECF No. 19. The Commissioner "does not dispute that remand for further proceedings is necessary to remedy errors in the ALJ decision," but instead only takes issue with plaintiff's request that a new ALJ (not Misenti) be assigned to her case. *Id.* at 2.

**Analysis**

The two issues before the court are whether the matter should be remanded and whether the Commissioner should be ordered to assign a new ALJ. The court answers in the affirmative to both.

<u>Remand</u>

Section 405(g) contemplates two types of remands: a sentence four remand or a sentence six remand. Sentence four states:

> The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing.

42 U.S.C. § 405(g).

In a remand under sentence six, however, the "court does not affirm, modify or reverse the Secretary's decision; it does not rule in any way as to the correctness of the administrative determination." *Melkonyan v. Sullian*, 501 U.S. 89, 97-98 (1991). "Sentence-six remands may be ordered in only two situations: where the Secretary requests a remand before answering the complaint, or where new, material evidence is adduced that was for good cause not presented before the agency." *Shalala v. Schaefer*, 509 U.S. 292, 297, n.2 (1993). Specifically, sentence six states:

> The court may, on motion of the Commissioner of Social Security made for good cause shown before the Commissioner files the Commissioner's answer, remand the case to the Commissioner of Social Security for further action by the Commissioner of Social Security, and it may at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding; and the Commissioner of Social Security shall, after the case is remanded, and after hearing such additional evidence if so ordered, modify or affirm the Commissioner's findings of fact or the Commissioner's decision, or both, and shall file with the court any such additional and modified findings of fact and decision, and, in any case in which the Commissioner has not made a decision fully favorable to the individual, a transcript of the additional record and testimony upon which the Commissioner's action in modifying or affirming was based.

42 U.S.C. § 405(g).

When the Commissioner requests a remand before answering the complaint, the court must find "(1) a motion of the Commissioner (2) made for good cause shown (3) before the filing of an answer." *Salce v. Acting Comm'r of Soc. Sec.*, No. No. 21-cv-7261-KMK-AEK, 2022 WL 2532191, at *2 (S.D.N.Y. Apr. 18, 2022) (quoting *Dempsey v. Astrue*, No. 09-cv-6023-CJS, 2010 WL 827293, at *1 (W.D.N.Y. Mar. 4, 2010)).

Here, the Commissioner filed a motion to remand before it filed an answer. *See* ECF No. 19. Accordingly, the court will consider whether the Commissioner has demonstrated good cause warranting remand. The Commissioner argues that "this Court [should] reverse and remand the

ALJ's decision for further proceedings under sentence four of 42 U.S.C. § 405(g). The Commissioner denies any arguments not specifically addressed, but he avers that on remand Plaintiff will be given an opportunity to further develop the record and present her case." ECF No. 19 at 3. The Commissioner then lists the specific areas the ALJ should consider upon remand:

> • Reevaluate the medical opinions and prior administrative medical findings.
> • Reevaluate Plaintiff's maximum residual functional capacity.
> • Obtain medical expert evidence to assist in the evaluation of Plaintiff's physical impairments.
> • If warranted by the expanded record, obtain supplemental vocational expert evidence to clarify the effect of the assessed limitations on Plaintiff's ability to perform other work in the national economy.
> • Offer Plaintiff the opportunity for a hearing, take any further action needed to complete the administrative record, and issue a new decision.

*Id.*

Having reviewed the record, the court finds that good cause supports the Commissioner's request to remand this action for further hearing.

*New ALJ Assignment*

Generally, when a district court orders a case be remanded, the Commissioner determines who will hear the case. *See Travis v. Sullivan*, 985 F.2d 919, 924 (7th Cir. 1993) ("To whom a case is remanded is generally within the province of the Secretary's responsibility."). "In most cases, when a court remands a matter for rehearing, the Appeals Council will generally vacate the prior final decision of the Commissioner and the same ALJ who initially heard the matter will hold a *de novo* hearing; however, under certain circumstances a district court can either order or recommend the case to be reassigned to a new ALJ on remand." *Risco v. Saul*, No. 18-CV-07193-RMI, 2020 WL 2733958, at *6 (N.D. Cal. May 26, 2020) (citing *Sarchet v. Chater*, 78 F.3d 305 (9th Cir. 1996) (noting that "[t]he tone of the [ALJ's] opinion suggests that she may have an unshakeable commitment to the denial of this applicant's claim" and recommending that the case be transferred to a different ALJ on remand). Accordingly, because "[r]emand to a different ALJ is appropriate in certain cases in order to ensure that a full and fair evaluation is given on remand"

*Lidy v. Sullivan*, 745 F. Supp. 1411, 1418 (S.D. Ind. 1989), district courts have the authority to order that a different ALJ preside on remand, *see Kolodnay v. Schweiker*, 680 F.2d 878, 879-80 (2d Cir. 1982) (upholding remand to a different ALJ after original ALJ failed to properly consider entire medical record); *Sutherland v. Barnhart*, 322 F. Supp. 2d 282, 292 (E.D.N.Y. 2004) ("[W]hen the conduct of an ALJ gives rise to serious concerns about the fundamental fairness of the disability review process, remand to a new ALJ is appropriate.").

Courts have considered the following factors when determining if a new ALJ should be assigned: "(1) a clear indication that the ALJ will not apply the appropriate legal standard on remand; (2) a clearly manifested bias or inappropriate hostility toward any party; (3) a clearly apparent refusal to consider portions of the testimony or evidence favorable to a party, due to apparent hostility to that party; (4) a refusal to weigh or consider evidence with impartiality, due to apparent hostility to any party." *Sutherland*, 322 F. Supp. 2d at 292.

However, even still, "some courts have held that remand to a different ALJ may be an appropriate remedy, even without an express finding of bias." *Risco*, 2020 WL 2733958, at *7 (citing *Hartnett*, 21 F. Supp. 2d at 222-23 (court ordered remand to a different ALJ without expressly finding bias, because of the ALJ's "troubling measure of insensitivity," and because the ALJ mischaracterized and misunderstood evidence)); *Ortiz v. Chater*, No. 95 CV 3126 ERK, 1997 WL 50217, at * 3 n.1 (E.D.N.Y. Jan. 30, 1997) (court ordered the case reassigned to a different ALJ without finding bias in the ALJ's earlier decisions); *Miles v. Chater*, 84 F.3d 1397, 1401 (11th Cir. 1996) (ordering remand to a different ALJ because of improper statements implying that a particular doctor always found a disability "compromised" the process); *King ex rel. S.K. v. Comm'r of Soc. Sec.*, No. 6:07-cv-537-Orl-22DAB, 2008 WL 4095493, at *3, 2008 U.S. Dist. LEXIS 66614, at *11-12, 14-16 (M.D. Fla. Aug. 28, 2008) (finding that the "ALJ appears to have selectively relied on positive reports," the case was remanded and reassignment was ordered because "assigning this case to a new ALJ will prevent Plaintiff from raising allegations of bias by this same ALJ in any future appeal in this case. The Court holds that remand to a different ALJ is within the power of the Court and is an appropriate remedy here"); *Flentroy-Tennant v. Astrue*, Case No. 3:07-cv-101-J-TEM, 2008 U.S. Dist. LEXIS 24342, 2008 WL 876961 (M.D. Fla. March

23, 2008) (holding reassignment was warranted on the second remand where the court did not find that "the ALJ has built the requisite accurate and logical bridge from the evidence to the conclusion")).

Plaintiff argues that a new ALJ should be assigned because (1) the ALJ erred in several ways (as outlined in her MSJ and identified above), and the Commissioner has conceded these errors by not contesting them; (2) ALJ Misenti has already issued two decisions denying plaintiff's claims (in 2022 and in the present case); (3) plaintiff's counsel's prior experience with ALJ Misenti leads plaintiff to believe remanding this matter would be "futile"; and (4) the Commissioner identified no interest in having ALJ Misenti preside over plaintiff's case. ECF No. 22 at 2-4.

The Commissioner argues that while there can be limited circumstances where a court orders reassignment to a new ALJ, those circumstances are not present here for two reasons. ECF No. 19 at 4. First, ALJ Misenti only presided over "one adjudication of this claim—namely, the adjudication at issue before this Court," as opposed to plaintiff's argument that ALJ Misenti presided over at least one prior adjudication of her benefits. *Id.* Second, the Commissioner argues that plaintiff's arguments of bias are unfounded. *Id.* at 5.

Based on a review of the record and briefs, the court finds that assignment to a new ALJ would be appropriate. The Commissioner's first argument is well taken, but ultimately not persuasive. While it is true that ALJ Misenti has adjudicated plaintiff's current application only once,[1] it also remains true that he had denied plaintiff's previous application. The court takes no position on the merits of ALJ Misenti's adjudication of plaintiff's prior application but finds the history between the parties to be a fact worth considering. If this matter was remanded to the same ALJ, he would have adjudicated claims related to plaintiff three times. *See Parraz v. Saul*, No. 2:19-CV-00904-LF, 2021 WL 1177106, at *8 (D.N.M. Mar. 29, 2021) (remanding the matter to a different ALJ in part because the same ALJ had already considered claims from the plaintiff

---

[1] Plaintiff agrees that she misstated the number of times ALJ Misenti had adjudicated her claims in her motion for summary judgment and agrees that he has "issued two decisions denying Plaintiff's claim." *See* ECF No. 22 at 1-2.

before).

The Commissioner concedes that upon remand the ALJ should "reevaluate the medical opinions and prior administrative medical findings; reevaluate Plaintiff's maximum residual functional capacity; obtain medical expert evidence to assist in the evaluation of Plaintiff's physical impairments; if warranted by the expanded record, obtain supplemental vocational expert to clarify the effect of the assessed limitations on Plaintiff's ability to perform other work in the national economy; and offer Plaintiff the opportunity for a hearing, take any further action needed to complete the administrative record, and issue a new decision." ECF No. 19 at 6. The Commissioner implicitly argues that despite this extensive scope of required work, reassignment is unnecessary. Yet, the extensive nature of the reevaluation needed calls into question the appropriateness of assigning it to the same ALJ. As noted above, a number of courts have ordered reassignment of social security cases on remand for reasons other than bias, including that the ALJ "mischaracterized the record," "failed to consider the record with adequate care," or "failed to adequately consider the medical evidence." *See Sutherland*, 322 F. Supp. 2d at 292 (collecting cases). In an effort to promote efficiency, the court finds that it is in the best interest that the Commissioner assign a new ALJ to this matter because "a fresh look by another ALJ would be beneficial." *See id.*

Accordingly, it is hereby ORDERED that:

1. Plaintiff's motion for summary judgment, ECF No. 15, is DENIED as moot.

2. The Commissioner's to remand, ECF No. 19, is GRANTED. The Commissioner shall assign a new ALJ to plaintiff's case.

3. The matter is remanded for further proceedings consistent with this order.

4. The Clerk of Court is directed to enter judgment in plaintiff's favor and close this case.

IT IS SO ORDERED.

Dated: July 17, 2026

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE